UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DESMOND J.,<br>Plaintiff,<br>v.<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 3:25-cv-05728-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). The parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

On October 12, 2022, plaintiff filed a claim for SSI alleging disability as of June 13, 2012. AR 18. His application was denied initially and upon reconsideration. *Id.* At his hearing, plaintiff amended his onset date to the application date.[1] *Id.* ALJ Robert Kelly held a hearing in August 2024 and found plaintiff not disabled. AR 18-30. The ALJ found plaintiff had the following severe impairments: right wrist degenerative joint disease

[1] Plaintiff simultaneously applied for SSI and Disability Insurance Benefits ("DIB") but withdrew his request for a hearing as it pertained to the DIB claim when he amended his onset date. AR 18. The ALJ's decision, and this appeal, are limited to plaintiff's SSI claim.

status-post remote history of ligament tear/repair; cervical degenerative disc disease; alcohol abuse; drug abuse; depression; anxiety; and post-traumatic stress disorder (PTSD). AR 23. He found plaintiff could perform light work with several exertional and non-exertional limitations. AR 24-25. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform work existing in the national economy and was therefore not disabled. AR 29-30.

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical Evidence**

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless explain with specificity how he considered the factors of supportability and consistency

in evaluating the medical opinions. 20 C.F.R. § 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

Plaintiff argues the ALJ erred in evaluating the opinions of Richard Borton, Ph.D., Leslie P., Ph.D., Stephen Gerrish, M.D., Alyssa Ruddell, Ph.D., and Ian Gillingham, M.D. Dkt. 12 at 14-18.

**a. Richard Borton, Ph.D., & Leslie P., Ph.D.**

The ALJ rejected the social limitations assessed by state agency psychologists Dr. Borton and Dr. P. because they found no support in or consistency with the objective medical record. AR 27. Such a bare conclusion without citation to the record is insufficient to satisfy the requirement that the ALJ explain how he considered supportability and consistency for each medical opinion. *Woods,* 32 F.4th at 791-92; 20 C.F.R. § 416.920c(b)(2). “To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required…The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors’, are correct.” *Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ also found their limitation to simple, routine instructions internally inconsistent with their finding that plaintiff was not limited to unskilled work. AR 27. This finding was made by disability examiner Leo Yefimov, not by Dr. Borton or Dr. P. *See* AR 184-85. While Mr. Yefimov's finding may be inconsistent with the limitations assessed by Dr. Borton and Dr. P., this finding does not represent an internal inconsistency as stated by the ALJ.

**b. Stephen Gerrish, M.D.**

The ALJ rejected the handling, fingering, and reaching limitations opined by state agency medical consultant Dr. Gerrish because these limitations did not have sufficient support in the medical record. AR 28. As discussed above, this conclusory statement does not satisfy the ALJ's obligation to explain how he considered supportability and consistency. *Embrey,* 849 F.2d at 421-22. Accordingly, the ALJ erred in rejecting these limitations.

**c. Alyssa Ruddell, Ph.D.**

The ALJ found Dr. Ruddell's opinion unpersuasive because she relied primarily on plaintiff's self-reported symptoms, conducted minimal psychological testing, and failed to provide sufficient support for her opinion. AR 28.

Although an ALJ may reject a medical opinion that is based on a claimant's self-report, this rule does not apply in the same manner to opinions regarding psychological conditions. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (finding that it is "the nature of psychiatry" that diagnoses depend in part on the patient's self-report). Even so, Dr. Ruddell's opinion did not rely exclusively on plaintiff's self-reported symptoms. Dr. Ruddell also based her opinion on a review of her 2019 evaluation of plaintiff and

the results of her clinical interview and mental status examination. AR 1860-64. The mental status examination and clinical interview are objective measures and may not be discounted as self-report. *Buck,* 869 F.3d at 1049. And the mental status examination does not align with the ALJ's finding of "minimal" psychological testing, as it included tests of word recall, a forward and backward digit span, serial threes, and a naming task. AR 1863-64.

The ALJ also stated that Dr. Ruddell's opinion found "little to no support in or consistency with the longitudinal medical records." AR 28. As with the other medical opinions, this conclusory statement unaccompanied by explanation or citation to the record does not satisfy the ALJ's obligation to explain how he considered supportability and consistency. *Woods,* 32 F.4th at 792 ("an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

The Commissioner argues that the ALJ's rejection of Dr. Ruddell's opinion was justified because plaintiff misrepresented his drinking history to Dr. Ruddell. Dkt. 18 at 9. Yet the Court may not affirm the ALJ on grounds upon which the ALJ did not rely. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

**d. Ian Gillingham, M.D.**

The ALJ found Dr. Gillingham's opinion unpersuasive because he relied primarily on plaintiff's self-reported symptoms, conducted minimal physical testing, and failed to provide sufficient support for his opinion. AR 28. An ALJ may reject a medical opinion where it is based "to a large extent" on a claimant's self-reported symptoms which have been properly discounted as incredible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th

Cir. 2008). But where no evidence suggests that the doctor relied more heavily on those self-reports than on his own clinical observations, there is no basis for rejecting the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014).

Here, no evidence indicates that Dr. Gillingham's opinion relied more heavily on plaintiff's self-reports. Rather, Dr. Gillingham's opinion was based primarily on physical exam findings from April 11, 2023. AR 2364.

During this examination, Dr. Gillingham tested plaintiff's range of motion in the right wrist for active and passive flexion, extension, abduction, and adduction, and found him severely limited. AR 2328. An ALJ does not properly reject a physician's opinion "by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008).

The ALJ also stated that Dr. Gillingham's opinion found "little to no support in or consistency with the longitudinal medical records." AR 28. As with the other medical opinions, this conclusory statement unaccompanied by explanation or citation to the record does not satisfy the ALJ's obligation to explain how he considered supportability and consistency.

In sum, the ALJ has erred in rejecting the opinions of Dr. Borton, Dr. P., Dr. Gerrish, Dr. Ruddell, and Dr. Gillingham. On remand, the ALJ must re-evaluate these opinions and explain how he considered supportability and consistency in articulating his persuasiveness analysis.

**2. Plaintiff's statements regarding symptoms and limitations**

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a claimant's testimony, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject the claimant's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim,* 763 F.3d at 1163 (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim,* 763 F.3d at 1164.

**a. Objective Medical Evidence**

The ALJ found plaintiff's testimony inconsistent with mental status examinations in the record that "generally reveal that he is cooperative, oriented, and has a euthymic mood." AR 26 (citing AR 1319, 2235, 2256, 2381, 2385, 2423, 2981, 2883, 2892, 2899, 2906). In focusing on these normal aspects of MSEs, the ALJ has ignored significant

abnormalities in the record consistent with plaintiff's testimony, such as anxious mood, tangential thought processes, hallucinations, and paranoid and grandiose delusions. *See, e.g.*, AR 1297, 1301, 2235, 2388, 2423, 2792, 2825-26, 2827, 2833, 2848. The ALJ "cannot reach a conclusion first and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler,* 753 F.2d 1050, 1054 (9th Cir. 1984).

**b. Treatment – Psychological**

The ALJ also discounted plaintiff's testimony because he reported that medications improved his ability to function. AR 26. Conditions which can be controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006). That said, some improvement in a claimant's condition does not mean that claimant has experienced such significant improvement that he is capable of substantial gainful activity. *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) (finding that some improvement in a person's impairments does not mean such impairments no longer seriously affect their ability to function in a workplace). There is no evidence that plaintiff's medication controlled his condition so well that he could function in a workplace.

The ALJ also noted that plaintiff was not consistently taking his medication as prescribed. AR 26. Noncompliance with treatment may suffice as grounds to reject a claimant's testimony, but the ALJ must consider the possible reasons for noncompliance. SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017). The ALJ's decision contains no discussion of plaintiff's reasons for stopping medication and he did not question plaintiff on this matter at the hearing.

Further, in relation to mental health treatment, the Ninth Circuit has recognized that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)); *see also Roberts v. Saul*, 825 F. App'x 473, 474 (9th Cir. 2020) (finding that a general failure to adhere to prescribed medical care is not adequate grounds for discounting a mentally ill claimant's testimony). Accordingly, plaintiff's use of medication, or lack thereof, was not a clear and convincing reason to reject his testimony regarding his psychological impairments.

**c. Treatment – Physical**

The ALJ found plaintiff's testimony regarding his pain and limitations stemming from his wrists was inconsistent with reports that plaintiff was doing "reasonably well" following surgery on his right wrist. AR 26. Such description is equivocal and fails to show that he improved with surgery such that he could work. *Holohan,* 246 F.3d at 1205. And the record does not support such a finding. Plaintiff underwent surgery on his right wrist in 2015, but in April 2023, Dr. Gillingham noted severely limited range of motion in the right wrist due to pain, which plaintiff rated as seven out of ten. AR 2328.

The ALJ also found plaintiff's testimony undermined by his failure to pursue further treatment for his right wrist. AR 26. Failure to pursue or comply with treatment can be a clear and convincing reason to reject a claimant's testimony. *Molina v. Astrue,* 674 F.3d 1104, 1113-14 (9th Cir. 2012). But the ALJ must consider whether reasons exist to explain the lack of treatment. *Finney v. Kijakazi,* 2022 WL 17830000, at *1 (9th Cir. Dec. 21, 2022). Here, it appears that plaintiff did not pursue further treatment

because there was none to pursue. In 2017, two years after plaintiff's right wrist surgery, Dr. Ian Lawson stated that further surgery would not be beneficial despite continued pain. AR 1392. And in 2023, Dr. Gillingham opined that plaintiff's wrist was unlikely to improve. AR 2364.

Similarly, the ALJ found plaintiff's testimony undermined by his conservative treatment with diclofenac gel. AR 26. Conservative treatment may undermine claims of disabling pain. *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007). But "[a] claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist." *Lapierre-Gutt v. Astrue,* 382 F. App'x 662, 664 (9th Cir. 2010). The ALJ did not identify more aggressive treatment plaintiff could have pursued or any treatment recommended by providers that plaintiff refused in favor of conservative treatment. Absent evidence suggesting such treatment options existed, conservative treatment was not a clear and convincing reason to reject plaintiff's testimony.

**d. Activities of Daily Living**

The ALJ found plaintiff's daily activities such as cooking, grocery shopping, watching TV, attending appointments, searching the internet, performing self-care, and spending time with friends were "not entirely consistent with a finding of disability." AR 27. An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Smartt v. Kijakazi,* 53 F.4th 489, 499 (9th Cir. 2022); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But a claimant need not "vegetate in a dark room" to be eligible for benefits. *Molina,* 674 F.3d at 1112-13.

The ALJ reasoned that many of the skills necessary to perform the listed activities were similar to those required for full-time competitive employment. *Id.* To the contrary, the Ninth Circuit has found this range of activities is not comparable to full-time employment. *Orn*, 495 F.3d at 639 (watching tv); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (driving a car, grocery shopping); *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (attending church weekly, grocery shopping, watching TV).

More specifically, the ALJ found plaintiff's claims of social anxiety, poor concentration, and isolation were inconsistent with activities such as a plan to shoot a music video in the park, helping feed the homeless, attending church weekly, and visiting his girlfriend's daughter in the hospital. AR 26-27. First, there is no evidence that plaintiff ever followed through on his plans for a music video, and the therapy notes in the record reveal that plaintiff's claims of a music career were grandiose delusions. AR 2823. Second, the ALJ did not inquire about, or cite evidence in the record concerning plaintiff's claims of feeding the homeless, so it is unclear how often he does this, or the extent of socialization or concentration involved. Without more information, such acts are not inherently inconsistent with plaintiff's claims. And, as noted above, attending church once weekly is not comparable to a full-time work schedule, *Popa,* 872 F.3d at 906; such limited attendance is not inconsistent with social anxiety and isolation. And sitting in a hospital room with his girlfriend's daughter does not require extensive socialization or concentration, and the record shows the daughter was on life support. AR 2599-2600, 2624-25.

Specific to plaintiff's physical conditions, the ALJ found his testimony undermined by activities such as driving and breaking up an altercation at his apartment. AR 26. The

record contains few details on this altercation and the ALJ failed to question plaintiff about this during the hearing. Thus, it is unclear whether plaintiff's acts in breaking up this one-time altercation even involved his hands. Without such detail, this activity does not undermine plaintiff's testimony of pain and limited range of motion in his wrists and hands.

As for driving, plaintiff testified that he drove his girlfriend to work four days per week, which took only five minutes. AR 127. Even if one assumes plaintiff drove five minutes each way to take his girlfriend to work, this totals to a collective forty minutes of driving per week. And plaintiff explained that his hand pain sometimes prevents him from driving. AR 127. Such limited activity is not inconsistent with his testimony.

In sum, the ALJ failed to provide clear and convincing reasons to reject plaintiff's testimony and accordingly erred.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, re-evaluation of plaintiff's testimony and the medical opinions, and the opportunity to submit additional evidence.

Dated this 17th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge